IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| CHILDRENS LIGHTHOUSE FRANCHISE COMPANY, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| ARTFUL ENTERPRISES, INC., LUCINDA CHAPIN, and ROGER HIETBRINK, | § § § | |
| Defendants. | § § | |

## PETITION TO CONFIRM ARBITRATION AWARD

Childrens Lighthouse Franchise Company ("Plaintiff" or "CLFC"), pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 1, *et eq.*, respectfully requests the Court to confirm and enter judgment on an arbitration award. In support of its Petition, Plaintiff states as follows:

## I. INTRODUCTION

1.    CLFC sued Artful Enterprises, Inc. ("Artful Enterprises"), Lucinda Chapin ("Chapin"), and Roger Hietbrink ("Hietbrink") (collectively, "Defendants") in this court on November 27, 2013 for breach of contract and violation of the Texas Uniform Trade Secrets Act relating to that certain franchise agreement entered into between the parties ("Franchise Agreement")[1]. The case was styled as *Childrens Lighthouse Franchise Company v. Artful Enterprises, Inc. et al*; Civil Action No. 4:13-cv-956-O. On June 20, 2014, this Court granted, in part, Defendants' Motion for a Stay and Order Compelling Arbitration and dismissed the matter without prejudice.

---

[1] There is no dispute between the parties that the Franchise Agreement was duly executed by the parties hereto.

2.      The parties consequently submitted the dispute to arbitration and a hearing was held in September 2015 in Grapevine, Tarrant County, Texas. Robert C. Prather, Sr. ("Arbitrator") served as the agreed-to arbitrator under the auspices of the National Arbitration Forum ("NAF"). On February 12, 2016, the Arbitrator issued a final award in favor of Plaintiff granting Plaintiff damages, costs and attorneys' fees ("Award").

3.      Plaintiff files this Petition to confirm the Award and for entry of judgment thereon.

## II. THE PARTIES, JURISDICTION, AND VENUE

4.      CLFC is a Texas corporation with a principal business address at 101 South Jennings Avenue, Suite 209, Fort Worth, Texas 76104.

5.      Defendant Artful Enterprises is a foreign corporation, duly formed and existing under the laws of the State of Florida, with a principal business address at 7575 Centurion Parkway, Jacksonville, Florida 32256. Defendant Artful Enterprises was a franchisee under the Franchise Agreement with CLFC.

6.      Defendant Chapin, upon information and belief, is an individual citizen of the State of Florida, residing at 3819 Coopers Lake Road, Duval County, Jacksonville, Florida 32224. Defendant Chapin was a party to the Franchise Agreement and is also a guarantor of Artful Enterprises' obligations and covenants under the Franchise Agreement, including the personal guaranty of all payments due to CLFC under the Franchise Agreement.

7.      Hietbrink, upon information and belief, is an individual citizen of the State of Florida, residing at 9782 Midship Way, Unit 203, Palm Beach County, West Palm Beach, Florida 33411. Defendant Hietbrink was a party to the Franchise Agreement and is also a

guarantor of Artful Enterprises' obligations and covenants under the Franchise Agreement, including the personal guaranty of all payments due to CLFC under the Franchise Agreement.

8.      This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is a diversity of citizenship and the amount in controversy exceeds the sum of $75,000.

9.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2). Further, Defendants are subject to this Court's personal jurisdiction and venue because the parties' Franchise Agreement contains a mandatory and enforceable forum-selection clause that directs that any action arising under the Franchise Agreement must be brought in a federal or state court located in Tarrant County, Texas.

## III. BACKGROUND

10.     On or about July 6, 2004, Plaintiff and Artful Enterprises entered into the Franchise Agreement, and each of the individual defendants signed a personal guaranty under which they agreed to be personally bound by all of the terms of the Franchise Agreement and liable for any breach.[2] The Franchise Agreement granted Artful Enterprises the right to open and operate a CHILDRENS LIGHTHOUSE® learning center, pursuant to certain terms and conditions, at a location to be determined, which center subsequently opened and currently operates at 7575 Centurion Parkway, Jacksonville, Florida 32256 ("Franchised Center").

11.     The Franchise Agreement, out of which the parties' underlying disputes arose, contains an arbitration provision which provides that certain controversies or disputes arising out of or related to the Franchise Agreement are to be submitted to binding arbitration with the

---

[2] A true and correct copy of the relevant portions of the Franchise Agreement are attached hereto as Exhibit "A."

National Arbitration Forum in Tarrant County, Texas.[3] The Franchise Agreement also provides that the resulting arbitration award may be entered as a judgment in any court of competent jurisdiction.[4]

### IV. ARBITRATION PROCEEDING

12.     On or about August 1, 2014, Plaintiff filed an Initial Claim with the NAF against the Defendants for payment of monies due under the Franchise Agreement and for damages flowing from an in-term and post-term non-compete agreement. Plaintiff sought damages of more than $1 million.

13.     The arbitration was conducted September 15, 2016 through September 24, 2016 and on February 12, 2016 the Arbitrator rendered the Award in favor of CLFC and against Defendants, jointly and severally, finding that Plaintiff is entitled to $1,225,496.00 in damages, $375,651.00 in attorneys' fees, $86,070.00 in costs, and arbitration cost reimbursement of $1,507.50.[5]

14.     To date, Defendants have not paid any portion of the Award to CLFC.

15.     By the terms of the Award, interest will begin to accrue on March 15, 2016 in the amount of 5% per annum or $231.33 per day.

16.     Under Section 8.10 of the Franchise Agreement,[6] Plaintiff is also entitled to recover its reasonable attorneys' fees incurred in enforcing the Franchise Agreement, which may include post-award attorneys' fees incurred to enforce the Franchise Agreement.

---

[3] Exhibit A at § 8.2.1.
[4] *Id.*
[5] A true and correct copy of the Award is attached hereto as Exhibit "B."

# V. CONFIRMATION OF THE AWARD

A.    Standard of Review for Petition to Confirm Arbitration Award

17.    The Federal Arbitration Act requires that, if the parties to an arbitration proceeding have agreed that a judgment of the court will be entered upon the arbitration award, and the agreement specifies the court, and the application for an order to confirm the award occurs within one year of having received the award, then "the court must grant such an order unless the award is vacated, modified, or corrected…" 9 U.S.C. § 9.

18.    By agreement of the parties, as set forth in Section 8.2.1 of the Franchise Agreement,[7] incorporated herein by reference, the arbitration was governed by the Code of Procedure of the NAF. Pursuant to Rule 39 of the NAF, incorporated herein by reference,[8] and Section 8.2.1 of the Franchise Agreement,[9] incorporated herein by reference, the Award may be entered in any court of competent jurisdiction.

B.    Petition is Timely Filed

19.    On a timely filed petition to confirm a domestic arbitration award with the proper attachments, confirmation of the award is presumed unless there are grounds to modify, correct, or vacate the award. 9 U.S.C. §§9, 13; *see also Lovell v. Harris Methodist Health Sys.*, 2000 U.S. Dist. LEXIS 3082 at *4 - *6 (N.D. Tex. March 10, 2000); *see also Booth v. Hume Publ'g, Inc.*, 902 F.2d 925, 932 (11th Cir. 1990).

---

[6] *See* Exhibit A at § 8.10.
[7] *See* Exhibit A at § 8.2.1.
[8] *See* Rule 39 of the NAF Code of Procedure, a true and correct copy of which is attached hereto as Exhibit "C."
[9] *See* Exhibit A at § 8.2.1

20.     A petition to confirm a domestic arbitration award must be filed within one year after the award is made. 9 U.S.C. § 9. In this case, the Award was issued on February 12, 2016,[10] and Plaintiff filed this Petition on February 16, 2016. As such, Plaintiff's Petition is timely filed.

21.     The following documents must be filed by the party petitioning to confirm the award at the time the application is made: (a) the agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of time, if any, within which to make the award; (b) the award; and (c) each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such application. 9 U.S.C. § 13.

22.     The relevant portions of the NAF Code of Procedure and the Franchise Agreement were filed in conjunction with this Petition, and no additional arbitrator or umpire was appointed, nor was any extension of time relating to the Award ever sought or granted. The final arbitration Award was filed in conjunction with this Petition.[11]

C.     Award

23.     An arbitration award must be confirmed when the parties have provided in the arbitration agreement that a judgment will be entered on the arbitration award. 9 U.S.C. § 9. In this case, the parties entered into an arbitration agreement when the Franchise Agreement was signed on July 6, 2004.[12] Section 8.2.1 of the Franchise Agreement provides that, "Any award of the arbitrator(s) may be entered as a judgment in any court of competent jurisdiction."[13] The Award was issued February 12, 2016.[14]

---

[10] *See* Exhibit B.
[11] *See* Exhibit B.
[12] *See* Exhibit A.
[13] *See* Exhibit A at § 8.2.1.
[14] *See* Exhibit B.

24.     There are no grounds for modifying, correcting, or vacating the award in this case, and the arbitrator's decision and the Award are correct. *See* 9 U.S.C. §9. And, as the Fifth Circuit has unequivocally stated, courts "should defer to the arbitrator's decision when possible." *Antwine v. Prudential Bache Securities, Inc.*, 899 F.2d 410, 413 (5th Cir. 1990).

25.     Because this Petition and the proper attachments have been properly and timely filed, and because there are no grounds for modifying, correcting, or vacating the Award, the Court must confirm the arbitration award in this case. 9 U.S.C. §§ 9, 13.

## VI. CONCLUSION

For these reasons, Plaintiff asks the Court to confirm the final domestic arbitration award and enter judgment in accordance with the Award. Plaintiff further requests that the court include the documents attached to this Petition with its order confirming the arbitration award.

Respectfully submitted,

**MULLIN LAW, P.C.**

Greg Dimmick
Texas State Bar. No. 24028303
Greg.Dimmick@mullinlawpc.com
2425 N. Central Expy., Suite 200
Richardson, Texas 75080
T: 972-931-0022
F: 972-931-0124

- and -

Stephanie L. Russ
Texas State Bar. No. 24056243
stephanie.russ@bakermckenzie.com
BAKER & MCKENZIE
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
T: 214-965-7068
F: 214-978-3099

**ATTORNEYS FOR CLAIMANT
CHILDRENS LIGHTHOUSE
FRANCHISE COMPANY**